BAKER, Judge,
concurring.
I fully concur in the opinion and write separately only to express my concerns regarding the time period during which remonstrators may request a stay. Here, we dismiss the Remonstrators’ appeal as moot because they failed to request a stay before the annexation became effective. While I agree that we must do so when an annexation becomes final, I fear that a clerk of the municipality may be able to finalize an annexation without allowing a reasonable time for remonstrators to request a stay. Under Indiana Code section 36-4-3-15®, an annexation becomes final once the clerk of the court has complied with the following requirements under Indiana Code section 36-4-3-22(a):
(a) The clerk of the municipality shall do the following:
(1) File each annexation ordinance against which a remonstrance or an appeal has not been filed during the period permitted under this chapter or the certified copy of a judgment ordering an annexation to take place with each of the following:
(A) The county auditor of each county in which the annexed territory is located.
(B) The circuit court clerk- of each county in which the annexed territory is located.
(C) If a board of registration exists, the registration board of each county in which the annexed territory is located.
(D) The office of the secretary of state.
(E) The office of census data established by IC 2-5-1.1-12.2.
(2) Record each annexation ordinance adopted under this chapter in the office of the county recorder of each county in which the annexed territory is located.
My concern is that a clerk of the municipality may be able to comply with the above requirements before the remon-strators have had adequate time to determine if they will appeal and to request a stay pending any appeal. I would interpret the annexation statute to allow a reasonable time period to request a stay. In *1036 the ease before us, the Remonstrators never requested a stay, and I fully concur.